**James M. CARLSON, Jr., Petitioner,**

v.

**UNITED STATES CUSTOMS SERVICE, Respondent.**

**C.A. No. 81-7380.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1982.

Decided Nov. 9, 1982.

James M. Carlson, Jr., for petitioner.

Howard Rubin, Laury H. Hennings, Portland, Or., for respondent.

Petition for Review of Final Decision of the Merit Systems Protection Board.

Before WALLACE, FARRIS and NELSON, Circuit Judges.

PER CURIAM:

James Carlson appeals the Merit Systems Protection Board's denial of his petition for review of a decision removing him from his position with the United States Customs Service. We affirm.

The sole question on appeal is whether the Federal Personnel Manual Supplement 752–1 required that Carlson be given a pretermination fitness-for-duty examination upon the facts in this case. Carlson was represented by counsel at the administrative level and failed to request the examination.

Carlson was charged with an act of wilful misconduct. Following a hearing on that charge, he was removed from his position. He did not offer evidence to show mental disability nor does he now dispute the fact that he failed to request an examination or to offer evidence of mental impairment at the hearing. He argues instead that his prior history coupled with the act complained of (an unprovoked assault upon a fellow worker) required that he be given a pretermination fitness-for-duty examination. He relies upon Federal Personnel Manual Supplement 752–1 and Decision No. SE752B70036 (January 20, 1977) of the Merit Systems Protection Board. We reject the argument.

The notice of proposed removal charged that Carlson had engaged in conduct prejudicial to the Customs Service in violation of section 41735.2(A) of the Policies & Procedures Manual, Customs Issuance System, and had caused dissension or discord among employees, disrupted the conduct of official business, and interfered with a fellow officer in the performance of his duties, in violation of section 41735.2(E)(2) and (3) of the manual.

Carlson responded through his attorney. Only on appeal, however, does he claim that the Customs Service was required to give him a fitness-for-duty examination before removing him from his position pursuant to Chapter 752–1 of the Federal Personnel Manual Supplement and applicable law.

We must consider whether the decision was based upon a consideration of relevant factors and then conduct a searching and careful inquiry to determine whether the agency committed a clear error of judgment. *Montana Power Co. v. E.P.A.,* 608 F.2d 334, 345 (9th Cir. 1979).

The Federal Personnel Manual Supplement Chapter 752–1, subchapter S1–3a5(a) provides:

> (5) *Mental or physical disability.* Mental or physical disability may warrant removal under procedures in part 752. Before the agency initiates a removal for disability, however, it should be aware of the special provisions of this subparagraph.

> (a) A definite duty devolves upon the agency to give retirement counseling to an employee who is unable to work satisfactorily because of ill health, if he has five years of civilian service and appears to meet the medical requirements for disability. If the disabling condition is mental, the agency must file disability retirement application on behalf of the employee if he will not or cannot file for himself (see FPM SUPPLEMENT 831–1 for the procedure). Under the rule laid down in *Anderson v. Morgan* and 39 Comp. Gen. 89, it is an error to remove for disability

reasons the 5-year employee whose mental condition impairs his judgment and ability to make decisions without first applying for disability retirement on his behalf.

We hold that since Carlson did not allege that his removal was for reasons of physical or mental disability or raise the issue of his mental or physical condition, chapter 752–1, subchapter S1–3a5(a), does not require that a pretermination examination be given.

Carlson contends that Decision No. SE752B70036 of the Merit Systems Protection Board, following which he received both a physical and a psychiatric evaluation, as well as the facts of the recent incident, effectively put the Government on notice that a pretermination mental examination was needed. His reliance is misplaced. The earlier examinations resulted in a determination that he had neither physical nor mental disability rendering him unfit for duty. In his testimony at the appeals hearing, Carlson referred to the number of commendations and awards he had received and pointed out that his performance ratings were above average. This testimony is inconsistent with his current claim of mental impairment.

When asked during oral argument before this court why he failed to raise the question of the need for a pretermination mental examination, he answered that he had expected to win on the merits.

Having reviewed Decision No. SE752B70036 and the record, we find nothing which required that Carlson be given a pretermination mental examination. The petition for review was properly denied.

Affirmed.